453 So.2d 229 (1984)
Vivian REED, As Personal Representative of the Estate of Yvette Dione Reed, Appellant,
v.
GOOD SAMARITAN HOSPITAL ASSOCIATION, INC., Appellee.
No. 82-2325.
District Court of Appeal of Florida, Fourth District.
August 1, 1984.
Joel T. Daves, III, of Burdick & Daves, West Palm Beach, for appellant.
Steven R. Berger, P.A. and Bernard & O'Brien of Fort Lauderdale, for appellee.
LETTS, Judge.
The question considered is whether a hospital is liable for the tortious acts committed on its premises by a physician in *230 private practice to whom it has granted staff privileges. The trial judge directed a verdict in favor of the hospital. We agree.
This case involves tragic facts which tug at the heart strings. A young black girl, already known by her family and private physician to be suffering from sickle-cell anemia, took a turn for the worse and was taken to the emergency room by her sister. Upon her arrival, her private physician's group was contacted and various delays and uncertainties were encountered before the private physician's decision to admit her to the hospital was finally made, which delay may well have contributed to her death some four hours later.
Several arguments are made in support of liability on the part of the hospital, the most compelling of which is that the sister took the sick child to the hospital and looked to the hospital not her doctor for assistance. However, the law is clear that if the doctor is "an independent contractor, that shield[s] the hospital from vicarious liability." Irving v. Doctors Hospital of Lake Worth, Inc., 415 So.2d 55, 56 (Fla. 4th DCA 1982). Notwithstanding, Irving is cited by the child's estate because of an instruction given in it that read in part:
Patients entering the hospital through the Emergency Room could properly assume that the treating doctors and staff of the hospital were acting on behalf of the hospital. Id. at 57, n. 2(c).
With regard to the above quoted instruction from Irving, the child's estate urges it upon us as a rule of law which should be applied here. However, this urging ignores the fact that the question of negligence on the part of the emergency room physician working at the hospital did go to the jury in the case before us now and the jury found none. Moreover, the Irving case, supra, on its facts, makes it abundantly clear that it was concerned with the negligence of the emergency room physician who was paid a salary by the hospital and possessed of no private patients. This same vital distinction is constant throughout the cases cited by the appellant. In the instant case the child's estate presented no evidence from which it could be concluded that the physician with staff privileges was either an agent or an employee of the hospital. Thus, there only remains the question of vicarious liability on the part of the hospital for the negligence of an independent contractor.
We, therefore, hold, in accord with the Supreme Court case of Wilson v. Lee Memorial Hospital, 65 So.2d 40 (Fla. 1953), and our own Irving case, supra, that under the facts presented here, the hospital is not vicariously liable for the tortious acts of an independent contractor such as a physician in private practice to whom it has merely granted staff privileges.
We have considered the other points on appeal and find them without merit.
AFFIRMED.
HURLEY, J., and VOCELLE, L.B., Associate Judge, concur.