709 So.2d 187 (1998)
Jacqueline IZQUIERDO, individually and as Personal Representative of the Estate of Jonathan Izquierdo, a deceased minor, Appellants,
v.
HIALEAH HOSPITAL, INC., Appellee.
MIAMI CHILDREN'S HOSPITAL, Appellant,
v.
HIALEAH HOSPITAL, INC., Appellee.
Nos. 97-1700, 97-1343 and 97-1822.
District Court of Appeal of Florida, Third District.
April 15, 1998.
*188 Brumer, Cohen, Kandell & Kaufman and Judson L. Cohen; Bambi G. Blum, Miami, for appellant Izquierdo.
Presley & Dockerty, P.A., and Michael R. Presley, Coral Gables; Bambi G. Blum, Miami, for appellant Miami Children's Hospital.
Haliczer, Pettis & White, P.A., and Amy D. Shield, Boca Raton, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
Jacqueline Izquierdo ("Izquierdo"), the mother/personal representative of the estate of Jonathan Izquierdo ("Jonathan"), appeals from a final order in a wrongful death/medical malpractice action. Izquierdo brought this action against Hialeah Hospital, Juan Ruiz-Unger, M.D., his P.A., Lydia Quintero, M.D. and her P.A., for the alleged negligent treatment of Izquierdo's son Jonathan after his birth at Hialeah Hospital. Dr. Ruiz-Unger settled with Izquierdo and Dr. Quintero was dropped as a party defendant.
Izquierdo was an unmarried teenager living with her parents when she gave birth to Jonathan at Hialeah Hospital. Her health care provider was CAC Ramsey  her parents' insurer. Her obstetrician was a CAC Ramsey physician. Jonathan's pediatric care, once he was discharged from the hospital, would not be covered by CAC Ramsey, but by Medicaid. Hialeah Hospital, pursuant to its contract with CAC Ramsey, provided Jonathan with Dr. Ruiz-Unger, a CAC Ramsey pediatrician, and Dr. Quintero, a CAC Ramsey neonatologist. Jonathan was born with a strep infection and was treated with antibiotics; he was eventually discharged symptom-free.
One month later, Jonathan, who was then being treated by a different pediatrician chosen by Izquierdo, developed meningitis, suffered severe brain damage, and was hospitalized at Miami Children's Hospital. When Jonathan was admitted into Miami Children's Hospital, there was an assignment of benefits and guaranty of payment from Izquierdo. However, Izquierdo was indigent so Jonathan's care was covered by Medicaid. Jonathan's medical expenses at Miami Children's Hospital amounted to approximately $900,000 of which $300,000 was paid by Medicaid. Jonathan's medical providers, including physicians and Miami Children's Hospital, all had Medicaid provider contracts. Jonathan died at the age of four years.
Izquierdo brought a wrongful death/medical malpractice action against Hialeah Hospital and Dr. Ruiz-Unger. Izquierdo alleged for purposes of vicarious liability and apparent agency, that Dr. Ruiz-Unger was an employee of Hialeah Hospital. She further alleged that she had been in fact led to believe that he was employed by the hospital, and had never been told that he was not a Hialeah Hospital doctor. Izquierdo contended that the jury should be allowed to decide the issue of vicarious liability. Instead, the trial court directed a verdict for the hospital on the issue of Dr. Ruiz-Unger's apparent agency. We affirm this verdict.
"`Apparent authority' does not arise from the subjective understanding of the person dealing with the purported agent, nor from appearances created by the purported agent himself; instead, `apparent authority' exists only where the principal creates the appearance of an agency relationship." Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A., 483 So.2d 775, 777 (Fla. 3d DCA)(emphasis in original), review denied, 492 So.2d 1334 (Fla.1986). Neither Dr. Ruiz-Unger's actions nor Izquierdo's subjective understanding created the requisite apparent authority. Only Hialeah Hospital's actions could have created this apparent authority. There was no apparent authority in this case because there was no evidence that Hialeah Hospital partook in any activities to create the appearance of an agency relationship.
Miami Children's Hospital also filed a separate appeal to preserve its rights upon any retrial. We do not reach the merits of Miami Children's Hospital's protective appeal because we affirm this case in its entirety. *189 Hence, we dismiss Miami Children's Hospital's appeal as moot.
In sum, we affirm the judgment in case number 97-1700 and dismiss the appeal in case numbers 97-1343 and 97-1822.