POLEN, Judge.
Carmela and Umberto Liberatore, plaintiffs in a medical malpractice action., appeal the trial court’s grant of final summary judgment in favor of one of the defendants, NME Hospitals Inc., d/b/a West Boca Medical Center (West Boca or hospital). We reverse the final summary judgment. We affirm West Boca’s issue on cross-appeal.
The Liberatores filed suit against West Boca, Carmela’s attending physician, Dr. Kaufman, and his professional associations, alleging the negligence of the hospital and Dr. Kaufman resulted in Carmela experiencing medical complications following the birth of her baby at the hospital. The Liberatores alleged Dr. Kaufman was either employed by West Boca, was its agent, apparent agent, or a joint venturer. West Boca now urges affir-mance of the court’s final summary judgment arguing the Liberatores failed to allege negligence on the part of the nurses, staff, or anesthesiologist at West Boca, and further Dr. Kaufman was not an agent or apparent agent of the hospital. We agree with only the latter argument.
In reviewing an order granting summary judgment, the appellate court must view every possible inference in favor of the party against whom the summary judgment was granted and if material issues of fact exist, summary judgment must be reversed. Smith v. Perry, 635 So.2d 1019, 1020 (Fla. 1st DCA 1994). Utilizing this standard, our review of the record reveals material issues of fact exist regarding negligence on the part of West Boca’s employees.
In their complaint, the Liberatores alleged in pertinent part:
19. That at the time and place aforesaid, the Plaintiff, Carmela Liberatore, came under the care and treatment of the apparent agents and/or agents, employees, personnel, nurses, physicians, hospital staff and hospital administration of the Defendant NME Hospitals, Inc.
* * * * * *
21. That the Defendant, NME Hospitals, Inc., a foreign corporation, d/b/a West Boca Medical Center, by and through it’s [sic] employees, and/or agents, including Defendant, Samuel Kaufman, M.D., owed a duty to Plaintiff, Carmela Liberatore....
(Emphasis supplied.)
Further, the presuit affidavit of Dr. Paul Gatewood, attached to the Liberatores’ complaint, alleged West Boca, “its agents, apparent agents, servants, employees and joint venturers” breached the prevailing professional standard of care. Dr. Gatewood’s second affidavit, submitted in opposition to West Boca’s Motion for Summary Judgment, stated the nurses attending to Carmela negligently began and continued an improper and unwarranted induction of labor and failed to recognize arrestive labor; while the anesthesiologist, as an employee, agent, or apparent agent of West Boca was negligent in management of the blood and fluid replacement during Carmela’s surgery.
The Liberatores’ complaint expressly alleged West Boca’s nurses were negligent in their care of Carmela. Dr. Gatewood’s presuit affidavit included a statement the hospital’s employees breached the prevailing standard of care. Dr. Gatewood’s second affidavit included more express statements of the nurses’ negligent actions. On the strength of these allegations, West Boca had the burden of proving the absence of factual issues, overcoming all reasonable inferences which could be drawn in the Liberatores’ favor. West Boca failed to meet this burden.
We expressly reject West Boca’s suggestion their submission of deposition testimony in which the Liberatores responded to leading questions by stating they had “no criticism” of the nursing care was sufficient to overcome all reasonable inferences which could be drawn in the Liberatores’ favor.
While we find material issues exist precluding summary judgment on the Libera-tores’ claim against the hospital based on alleged negligence of its employees, the same is not true of the Liberatores’ claim as it concerns an allegation Dr. Kaufman was an agent or apparent agent of the hospital. *1366 The Liberatores concede West Boca offered evidence refuting the allegation that Dr. Kaufman was an employee of the hospital; however, they argue issues of fact remained regarding West Boca’s liability for acts of Dr. Kaufman as either an agent, apparent agent, or joint venturer.
“As a general rule, a hospital is not vicariously liable for the negligence of a physician on its staff.” Arango v. Reyka, 507 So.2d 1211, 1213 (Fla. 4th DCA 1987) (citing Reed v. Good Samaritan Hosp. Ass’n Inc., 453 So.2d 229 (Fla. 4th DCA 1984)). The trial court correctly determined the Libera-tores failed to establish any material issue of fact regarding the issue of whether West Boca held out Dr. Kaufman as its agent and/or employee such that Carmela Libera-tore accepted treatment from him in the reasonable belief the treatment was being rendered on behalf of the hospital. Therefore, summary judgment as to this alternative allegation was proper.
On cross-appeal, West Boca argues the trial court erred in denying its motion for protective order directed to the Liberatores’ notice of deposition duces tecum of the corporate representative of West Boca. We reject the hospital’s contention the documents requested were privileged pursuant to section 766.101(5) and section 395.0191, Florida Statutes (1997). The Liberatores’ notice did not seek “the names of witnesses who appeared or provided information to peer review committees,” as West Boca contends. Rather, the Liberatores sought to depose a representative of the hospital with knowledge of the procedures involved in granting staff privileges to doctors, and sought documents pertaining to those procedures. Because the Liberatores’ notice did not seek privileged documents, the trial court correctly denied the hospital’s motion for protective order, and we affirm the issue on cross-appeal.
REVERSED.
DELL and STEVENSON, JJ., concur.