834 So.2d 202 (2002)
VANDERBILT INN ON THE GULF d/b/a Vanderbilt-Beach Associates Limited Partnership, Timemed Labeling Systems, Jerry Nerad and Van-Dev, Inc., Appellants,
v.
Sherri PFENNINGER, Appellee.
No. 2D01-1097.
District Court of Appeal of Florida, Second District.
August 30, 2002.
Angela C. Flowers of Kubicki Draper, Miami, for Appellants.
Michael R.N. McDonnell of McDonnell Trial Lawyers, Naples, for Appellee.
COVINGTON, Judge.
This court issued an opinion in Vanderbilt Inn on the Gulf v. Pfenninger, 27 Fla. *203 L. Weekly D356, 2002 WL 459252 (Fla. 2d DCA Feb. 8, 2002), reversing the decision of the trial court. The trial court had granted Pfenninger's motion for new trial based on the fact that one juror had failed to disclose his past involvement in litigation. Our reversal was premised on the notion that Pfenninger failed to meet the due diligence requirement of De La Rosa v. Zequeira, 659 So.2d 239 (Fla.1995). That is, a records check as to the juror's litigation history was not completed until after the verdict was rendered. However, shortly after our opinion was issued, the Florida Supreme Court issued its decision in Roberts v. Tejada, 814 So.2d 334 (Fla. 2002). In its opinion, the court specifically disapproved of our holding in Vanderbilt. The court concluded that the due diligence prong of De La Rosa does not require a lawsuit index search prior to the conclusion of jury selection. Tejada, 814 So.2d at 343.
Thus, we must now review the trial court's order granting a new trial in light of the supreme court's ruling in Tejada. The standard of review of a trial court's order granting a new trial because of juror concealment of information is abuse of discretion. Garnett v. McClellan, 767 So.2d 1229, 1231 (Fla. 5th DCA 2000). If reasonable people could differ as to the propriety of the court's ruling, then the abuse of discretion standard has not been met. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
As articulated by the court in Tejada, due deference is to be granted to the trial judge because it is at the trial level "that the dynamics and context of the entire trial process can best be evaluated." Tejada, 814 So.2d at 345. Under all of the circumstances and the applicable law, we conclude that the trial court did not abuse its discretion in granting a new trial. Thus, the order granting the new trial is affirmed and our previously issued opinion is withdrawn.
WHATLEY and SILBERMAN, JJ., Concur.