954 So.2d 1273 (2007)
ALLSTATE INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Greg WILEY, Appellee/Cross-Appellant.
No. 2D05-3403.
District Court of Appeal of Florida, Second District.
May 2, 2007.
*1274 Sidney M. Crawford of Sidney M. Crawford, P.A., Lakeland, for Appellant/Cross-Appellee.
Nancy A. Lauten and George A. Vaka of Vaka, Larson & Johnson, P.L., Tampa, for Appellee/Cross-Appellant.
DAVIS, Judge.
Allstate Insurance Company ("Allstate") challenges the final judgment entered in favor of Greg Wiley following a jury trial on Wiley's uninsured motorist claim and the trial court's denial of Allstate's motion for a new trial. Wiley cross-appeals the final judgment, alleging that the trial court erred by ordering remittitur on the jury's award. We affirm the trial court's denial of Allstate's motion for a new trial but reverse the final judgment because the trial court improperly reduced the jury's verdict.
Wiley was injured in an automobile accident and brought suit against the tortfeasor and his uninsured motorist carrier, Allstate. After obtaining a default judgment against the tortfeasor, who could not be located, Wiley proceeded to trial against Allstate. Allstate stipulated to the negligence of the tortfeasor, and the parties proceeded to trial to determine damages. *1275 The jury awarded Wiley $91,000 in past and future medical expenses.
Allstate then moved for a new trial, claiming that upon posttrial review, it discovered that two jurors had failed to properly respond to the juror questionnaires that they had completed prior to trial and that Allstate had relied upon at trial. Specifically, Allstate alleged that one juror denied having previously been a party to a lawsuit when, in fact, she had been a defendant in a small claims action and had also gone through a divorce. Another juror had identified himself as a financial planner but had failed to disclose that he had been sued recently in small claims court over a credit card debt. Although he had reported on his questionnaire that he had been a party to a claims court action in another county some years earlier, he had not reported the more recent, local claim.
Allstate also moved for remittitur, arguing that $65,000 was the maximum the jury could award given the closing argument of Wiley's attorney, who had calculated his client's past and future medical damages in the range of $55,000 to $65,000. The trial court granted the motion for remittitur and reduced the award by $25,000 but denied the motion for new trial. The final judgment entered pursuant to these rulings is the subject of this appeal.
We review the denial of a motion for new trial for an abuse of discretion. See Glover Distrib. Co. v. F.T.D.K., Inc., 816 So.2d 1207, 1212 (Fla. 5th DCA 2002) ("The standard of review of a ruling on a motion to grant a new trial based on a juror's non-disclosure during voir dire of prior litigation history is abuse of discretion."). Our review of this record does not disclose such an abuse. One juror's prior legal experience occurred almost seventeen years before the instant case. The other juror did disclose a prior claims court involvement, although he did not disclose the more recent lawsuit. Furthermore, although Allstate claims that this juror's credibility as a financial planner was compromised by his apparent failure to timely pay his credit card obligations, we are not persuaded that the trial judge was unreasonable in denying Allstate's motion for new trial on this basis. "If reasonable people could differ as to the propriety of the court's ruling, then the abuse of discretion standard has not been met." Vanderbilt Inn on the Gulf v. Pfenninger, 834 So.2d 202, 203 (Fla. 2d DCA 2002). Accordingly, we affirm the trial court's denial of the motion for new trial.
However, the trial court did abuse its discretion in reducing the jury's award of damages. See Winn-Dixie Stores, Inc. v. Robinson, 472 So.2d 722, 725 (Fla.1985) (stating that upon review of an order of remittitur, the appropriate standard is whether there has been a clear abuse of discretion). The undisputed testimony at trial was that Wiley had incurred approximately $11,000 in prior medical expenses, leaving the remaining $80,000 in medical expenses apparently attributable to future medical expenses. According to the evidence, Wiley had a life expectancy of about forty years; an expert witness testified that Wiley's future chiropractic care would cost between $1500 and $2000 per year. Based on this testimony, the jury's apparent award of $80,000 in future medical expenses was supported by the record.
Contrary to Allstate's argument, the jury was not limited by Wiley's attorney's closing argument in determining the amount of the damage award. See Rudy's Glass Constr. Co. v. Robins, 427 So.2d 1051, 1053 (Fla. 3d DCA 1983) ("Furthermore, a jury may properly award damages equal to or in excess of those requested by counsel in closing argument."). Accordingly, *1276 we conclude that the trial court's order of remittitur was an abuse of discretion and that the final judgment must be reversed. On remand, the trial court is directed to reinstate the jury's original award of damages.
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and VILLANTI, JJ., Concur.