SILBERMAN, Judge.
 

 In these consolidated appeals from a medical negligence action, Tarpon Springs Hospital Foundation, Inc., a Florida corporation, d/b/a Helen Ellis Memorial Hospital (the Hospital), appeals in case number 2D09-2364 the trial court’s order granting the amended motion for new trial of Plaintiff Shirley Reth, as Personal Representative of the Estate of Sean Reth, deceased (Reth). The Hospital also challenges the denial of its motion for directed verdict. In case number 2D09-2474, the Hospital and the other defendants below, Hugh Sie-gel, CRNA; Teresa Catsos, CRNA; Glenn Syperda, D.O.; and North Pinellas Anesthesia Associates, P.A., a Florida corporation (Anesthesia Associates), challenge the same order granting Reth’s amended motion for new trial. We conclude that while the Hospital has a statutory obligation to have an anesthesia department directed by a physician member of the Hospital’s professional staff, the applicable statutes and rules do not impose a nondelegable duty to provide anesthesia services to surgical patients. Thus, we reverse the denial of the Hospital’s motion for directed verdict and remand for the trial court to enter judgment in the Hospital’s favor. In doing so, we certify conflict with
 
 Wax v. Tenet Health System Hospitals, Inc.,
 
 955 So.2d 1 (Fla. 4th DCA 2006), to the extent that it determined a hospital has a nondelegable statutory duty to provide nonnegligent anesthesia services to patients. We affirm
 
 *825
 
 the trial court’s grant of a new trial as to the other defendants and remand for the trial court to conduct a new trial.
 

 Reth filed a medical negligence action against Dr. Syperda, Siegel, Catsos, Anesthesia Associates, and the Hospital. Reth alleged that Sean Reth (Mr. Reth) “sustained global cerebral ischemia (deficiency of blood) as a result of inadequate oxygenation and cardiac arrest during surgery” on March 27, 2006. He died three days later. Reth contended that Dr. Syperda, an anesthesiologist, and certified registered nurse anesthetists Catsos and Siegel were negligent in providing anesthesia services to Mr. Reth during the surgery, resulting in his death. Reth alleged that Dr. Syperda was vicariously liable for the negligence of Catsos and Siegel and that Anesthesia Associates was vicariously liable for the negligence of its employees, Dr. Syperda, Catsos, and Siegel.
 

 Reth also alleged that Anesthesia Associates employed physicians and nurse anesthetists to provide anesthesia services pursuant to a contract with the Hospital. Reth claimed that the Hospital was liable for the conduct of nurse anesthetists Cat-sos and Siegel under a theory of a nondele-gable duty. Reth asserted that sections 395.002(13)(b), 395.1055(l)(a), (d), Florida Statutes (2005), and Florida Administrative Code Rule 59A-3.2085(4) created an express legal duty for the Hospital to furnish nonnegligent anesthesia services to its surgical patients. Reth did not assert any claim against the Hospital for the conduct of the anesthesiologist, Dr. Syperda.
 

 A juiy trial was conducted in November 2008. At the conclusion of Reth’s case in chief, the Hospital moved for a directed verdict, arguing that the evidence and applicable law failed to support Reth’s claim of hospital liability for the conduct of nurse anesthetists Siegel and Catsos. The trial court denied the Hospital’s motion for directed verdict. The jury subsequently returned a defense verdict. Upon Reth’s amended motion for new trial, the trial court granted a new trial based upon a juror’s failure to reveal a significant litigation history. On appeal, the Hospital challenges the denial of its motion for directed verdict. All defendants challenge the order granting a new trial.
 

 Motion for Directed Verdict
 

 For purposes of appeal, the parties entered into a stipulation of the relevant evidence presented at trial with respect to the issue of the denial of the motion for directed verdict. The stipulation asserted the following facts:
 

 1. Dr. Syperda was an employee of North Pinellas Anesthesia Associates.
 

 2. Teresa Catsos was an employee of North Pinellas Anesthesia Associates.
 

 3. Hugh Siegel was an employee of North Pinellas Anesthesia Associates.
 

 4. Each of the foregoing testified that all anesthesia services provided to Sean Reth were done under the direction, supervision and control of Dr. Syperda.
 

 5. Sean Reth executed the “Disclosure of Information and Consent to Treatment” attached as Exhibit 1.
 

 6. Sean Reth also executed the “Authorization and Consent to Surgical/Diagnostic/Therapeutic Procedure” attached as Exhibit 2.
 

 8.
 
 [1]
 
 There was no evidence that Helen Ellis Memorial Hospital selected, assigned or chose Teresa Catsos or Hugh Siegel to work as CRNAs during Sean Reth’s surgery.
 

 9. There was no evidence that Sean Reth in fact believed or intended Helen Ellis Memorial Hospital undertook or
 
 *826
 
 would undertake the duty to provide him with anesthesia services provided by nurse anesthetists.
 

 10. Sean Reth had previously worked in the operating room at Helen Ellis Memorial Hospital and, in that capacity, previously knew Hugh Siegel and Teresa Catsos.
 

 11. There was no evidence that Dr. Syperda or North Pinellas Anesthesia Associates delegated any of their duties to perform anesthesia care of Sean Reth to Helen Ellis Memorial Hospital.
 

 12. The case proceeded under Plaintiffs Second Amended Complaint and HEMH’s Answer and Affirmative Defenses (see Exhibits 5 and 6, respectively)-
 

 The standard of review that we apply to a ruling on a motion for directed verdict is de novo.
 
 Soltwisch v. Pasco County,
 
 33 So.3d 85, 85 (Fla. 2d DCA 2010). The facts are not in dispute as to this issue. Rather, the question of whether the Hospital has a statutory duty regarding the conduct of the nurse anesthetists is one of law.
 

 Reth contends, relying primarily upon
 
 Wax v. Tenet Health System Hospitals, Inc.,
 
 955 So.2d 1 (Fla. 4th DCA 2006), that sections 395.002(13)(b), 395.1055(1)(a), (d), and rule 59A-3.2085(4) impose on hospitals the nondelegable duty to provide nonnegli-gent anesthesia services. Significantly, Reth does not contend that any nondelega-ble duty arose by contract. The Hospital asserts that the statutes and rule require a hospital to competently and adequately staff an anesthesia department, that is, “to see to it that competent anesthesiologists and anesthesia personnel are available.” It argues that the duty to practice anesthesiology in a nonnegligent manner is owed by the patient’s physician and nurse anesthetists, not the Hospital, and that the statutes and rule do not create a nondele-gable duty that requires the Hospital to practice anesthesiology.
 

 Chapter 395 of the Florida Statutes addresses hospital licensing and regulation. Section 395.002(13)(b) defines a hospital as an establishment that, among other things, regularly makes available treatment facilities for surgery. Section 395.1055 authorizes the Agency for Health Care Administration (the Agency) to adopt rules pertaining to hospital licensing and regulation. Section 395.1055(l)(a) provides as follows:
 

 (1) The agency shall adopt rules pursuant to ss. 120.536(1) and 120.54 to implement the provisions of this part, which shall include reasonable and fair minimum standards for ensuring that:
 

 (a) Sufficient numbers and qualified types of personnel and occupational disciplines are on duty and available at all times to provide necessary and adequate patient care and safety.
 

 Accordingly, the legislature has granted authority to the Agency to adopt administrative rules establishing certain minimum standards to ensure that hospitals have available appropriate types and numbers of varying providers and specialties. Further, section 395.1055(l)(d) sets forth that the Agency shall also adopt rules to ensure that “[licensed facilities are established, organized, and operated consistent with established standards and rules.”
 

 Acting pursuant to that legislative delegation of authority, the Agency adopted rule 59A-3.2085(4) which in part provides, “Each Class I and Class II hospital, and each Class III hospital providing surgical or obstetrical services, shall have an anesthesia department, service or similarly titled unit directed by a physician member of the organized professional staff.” We agree with the Hospital’s argument that the statutes and rule cited above require
 
 *827
 
 hospitals to have anesthesia departments and to have appropriate numbers of qualified personnel available to provide anesthesia services to the hospitals’ patients; however, the statutes and rule do not create a nondelegable duty on hospitals to practice anesthesiology.
 

 In
 
 Jones v. Tallahassee Memorial Regional Healthcare, Inc.,
 
 923 So.2d 1245, 1246 (Fla. 1st DCA 2006), the plaintiff contended that the hospital was liable for the actions of an anesthesiologist and a nurse anesthetist who were employed by an anesthesiology practice on the theory that they were the apparent agents of the hospital. The First District determined that issues of material fact precluded summary judgment on that claim.
 
 Id.
 
 The plaintiff also contended that the hospital had a nondelegable duty to furnish non-negligent anesthesia services to the patient.
 
 Id.
 
 The First District affirmed the summary judgment on that claim because “the nondelegable duty doctrine should not apply in circumstances like these where the active tortfeasors were an independent contractor physician and his employee who was at all times acting only under the physician’s supervision.”
 
 Id.
 
 at 1246-47. The court did not distinguish between a theory based on contract versus one based on statute or regulation, but the court stated that it was declining to extend the nondelegable duty theory.
 
 Id.
 
 at 1249.
 

 In
 
 Pope v. Winter Park Healthcare Group, Ltd.,
 
 939 So.2d 185, 187 (Fla. 5th DCA 2006), the Fifth District cited to Judge Altenbernd’s concurring opinion in
 
 Roessler v. Novak,
 
 858 So.2d 1158, 1164 (Fla. 2d DCA 2003) (Altenbernd, J., concurring), in stating that “Florida law does not currently recognize an implied nondel-egable duty on the part of a hospital to provide competent medical care to its patients.” The
 
 Pope
 
 court noted that statutes and regulations can create nondelega-ble duties but stated, “Nor, in this case, does a nondelegable duty on the part of the hospital arise out of any statute or regulation cited to us.”
 
 Id.
 
 at 188. However, under Florida law “such a duty can be undertaken pursuant to an express contract.”
 
 Id.
 
 at 187. The court explained that a hospital’s use “of independent-contractor physicians eliminates ‘respondeat superior’ liability, but it will not relieve the hospital of any contractual duties it has undertaken.”
 
 Id.
 
 at 189. The
 
 Pope
 
 court reversed a directed verdict in favor of the hospital and remanded for the trial court to address the interpretation of the contract between the hospital and the patient and to resolve any questions of fact.
 
 Id.
 
 at 191-92.
 

 In
 
 Wax,
 
 the Fourth District relied heavily on
 
 Pope.
 
 The Fourth District recognized that in
 
 Pope
 
 the court stated that nondelegable duties can arise from contract or from statutes or regulations. 955 So.2d at 8. The
 
 Wax
 
 court concluded that the same statutes and rule that Reth relies upon here imposed a “duty for non-negligent anesthesia services on all surgical hospitals.”
 
 Id.
 
 at 9. The
 
 Wax
 
 court also found a nondelegable duty based on contract.
 
 Id.
 
 at 11. As noted previously,
 
 Pope
 
 did not rely upon a statutory basis for a nondelegable duty. 939 So.2d at 188. In
 
 Wax,
 
 the court quoted the statutes and rule, including section 395.1055(1)(d) which authorizes the Agency to adopt rules ensuring that “[l]icensed facilities are established, organized, and operated consistent with established standards and rules.”
 
 See
 
 955 So.2d at 8. The court concluded that the hospital was obligated to comply with anesthesiology standards.
 
 Id.
 
 at 8-9.
 

 We agree with the Hospital’s argument here that the
 
 Wax
 
 court erroneously inter
 
 *828
 
 preted section 395.1055(l)(d) to apply anesthesiology standards of practice to hospitals. Chapter 395 regulates hospitals and addresses standards governing hospitals, not standards applicable to the practice of medicine that is regulated by other chapters of the Florida Statutes.
 
 See, e.g.,
 
 ch. 458, Fla. Stat. (2005). The statutory duty of hospitals is to have available and to competently and adequately staff their anesthesia departments. If a hospital fails to have an anesthesia service directed by a physician member of its medical staff, or to provide for adequate numbers of anesthesia providers, or if it allowed an incompetent anesthesia provider to be granted privileges, it could be held liable if this proximately caused injury to one of its patients.
 

 In
 
 Pope,
 
 the court recognized that under Florida law a “hospital can be liable in tort for failing to exercise due care in the selection and retention of an independent contractor physician on the hospital staff.” 939 So.2d at 187-88 (citing
 
 Insinga v. La-Bella,
 
 543 So.2d 209, 214 (Fla.1989)). The present case, however, is not one asserting a claim of negligence by the hospital in providing incompetent or insufficient numbers of nurse anesthetists or anesthesiologists. The
 
 Wax
 
 court did not draw a distinction, as we do, between the duty to ensure that those services are available and provided by competent personnel versus the duty to provide anesthesia services nonnegligently to a patient in a given instance. Thus, we certify conflict with
 
 Wax
 
 to the extent that it determined a hospital has a nondelegable duty to provide non-negligent anesthesia services based on sections 395.002(13)(b), 395.1055(l)(a), (d), and rule 59A-3.2085(4).
 

 The Hospital further argues that even if a duty is imposed on the Hospital by the statutes and rule, the trial court should have granted the Hospital’s motion for directed verdict based on Mr. Reth’s consent to a valid delegation. In
 
 Wax,
 
 the nonnegligent performance of anesthesia services was found “important enough that as between the hospital and its patient it should be deemed non-delegable without the patient’s express consent.” 955 So.2d at 9. Here, the evidence showed that Mr. Reth had expressly consented to the delegation of both the performance and the responsibility for performing anesthesia services to the anesthesiologist. Reth argues that because the consent form only refers to physician services it does not apply to the nurse anesthetists. However, the evidence established that the anesthesia services provided by the patient’s nurse anesthetists were provided under the direction, supervision, and control of the anesthesiologist, not the Hospital. The fact that the anesthesiologist used nurse anesthetists employed by his anesthesia practice to assist in providing anesthesia did not operate to “re-delegate” any duty back to the Hospital. Therefore, we conclude that the trial court should have granted the Hospital’s motion for directed verdict, and we remand for the trial court to enter judgment for the Hospital.
 

 Amended Motion for New Trial
 

 Our decision regarding the motion for directed verdict moots this issue as to the Hospital. In case number 2D09-2474, Siegel, Catsos, Dr. Syperda, and Anesthesia Associates challenge the trial court’s order granting Reth’s amended motion for new trial. On review of a ruling on a motion for new trial based on a juror’s failure to disclose litigation history during voir dire, we apply an abuse of discretion standard of review.
 
 See Allstate Ins. Co. v. Wiley,
 
 954 So.2d 1273, 1275 (Fla. 2d
 
 *829
 
 DCA 2007). Based on
 
 Roberts v. Tejada,
 
 814 So.2d 334 (Fla.2002),
 
 De La Rosa v. Zequeira,
 
 659 So.2d 239 (Fla.1995), and
 
 Fine v. Shands Teaching Hospital & Clinics, Inc.,
 
 994 So.2d 426 (Fla. 1st DCA 2008), we conclude that the trial court did not abuse its discretion in granting a new trial based on material litigation history that Juror Gullick failed to disclose during voir dire. Thus, we affirm the trial court’s order granting a new trial as to Siegel, Catsos, Dr. Syperda, and Anesthesia Associates.
 

 Conclusion
 

 In case number 2D09-2364, we reverse the trial court’s denial of the Hospital’s motion for directed verdict and remand for the trial court to enter judgment for the Hospital. In doing so, we certify conflict with
 
 Wax v. Tenet Health System Hospitals, Inc.,
 
 955 So.2d 1 (Fla. 4th DCA 2006), to the extent that it determined a hospital has a nondelegable duty to provide non-negligent anesthesia services based on sections 395.002(13)(b), 395.1055(l)(a), (d), and rule 59A-3.2085(4). In case number 2D09-2474, we affirm the order granting a new trial as to Siegel, Catsos, Dr. Syperda, and Anesthesia Associates.
 

 Affirmed in part, reversed in part, remanded, and conflict certified.
 

 NORTHCUTT and VILLANTI, JJ., Concur.
 

 [1]
 

 . The parties inadvertently skipped the number seven in their stipulation.