TAYLOR, J.
Plaintiff Staria Newbold-Ferguson appeals a final judgment entered upon a defense verdict for the North Ridge Medical Center in her suit against the hospital for the wrongful death of her husband. Because the plaintiff had the ability to state a legally viable non-delegable duty claim against the hospital, based on the emergency room doctor’s alleged negligence, we reverse.
By way of background, in December 2000 Ivan Ferguson underwent back surgery at AMISUB d/b/a North Ridge Medical Center (“the hospital”) and died the following day from a cardiac arrhythmia. Subsequently, plaintiff brought a wrongful death suit against the hospital for its direct negligence and negligence of the hospital’s employees and agents, alleging that they failed to meet the prevailing standard of care.
The trial court granted summary judgment for the hospital and denied the plaintiff’s motion for leave to file a Third Amended Complaint. On appeal, we reversed the final summary judgment, holding that genuine issues of material fact remained as to the plaintiffs claim of nursing negligence. See Newbold-Ferguson v. Amisub, 962 So.2d 418 (Fla. 4th DCA 2007). We remanded the case with directions to the trial court to allow the plaintiff to file a third amended complaint specifically identifying the physicians and other employees or agents of the hospital for whose negligence the hospital was responsible. Id. at 419.
After remand, the plaintiff filed a Third Amended Complaint specifically naming emergency room physician, Dr. Friedman, as one of the negligent agents for whom the hospital was vicariously liable. In Count I, the plaintiff alleged that the hospital was vicariously liable as the respondeat superior of its nurses, agents, servants and employees, including Dr. Friedman, an emergency room physician.[1] In Count II, the plaintiff alleged that the hospital was responsible for Dr. Friedman’s negligent acts and omissions as a result of a “nondelegable duty to supervise ... so that competent and careful medical personnel are provided.... ” The plaintiffs expert witness opined during a deposition that Dr. Friedman deviated from the standard of care by his delayed response after the emergency code was called on Mr. Ferguson.
The hospital filed a motion for partial summary judgment, challenging the hospital’s liability for Dr. Friedman, an independent contractor with the hospital. Following a hearing, the trial court granted the defense motion for partial summary judgment on the ground that Dr. Friedman was not an actual or apparent agent of the hospital.[2] With regard to the plaintiffs allegation of a non-delegable duty “to su *504 pervise” Dr. Friedman, the trial court concluded that no such duty existed and struck all allegations regarding the negligence of Dr. Friedman as attributable to the hospital. However, the court allowed the plaintiff another opportunity to amend the complaint to try to assert a viable claim involving a non-delegable duty for Dr. Friedman. The trial court instructed the plaintiffs counsel that the issue was “the non-delegable duty to diligently determine that competent physicians are afforded house privileges or staff privileges.”
The plaintiff filed a Fourth Amended Complaint, but the hospital again moved to dismiss, as the complaint still contained allegations that Dr. Friedman was the hospital’s agent and did not contain any new non-delegable duty theories. The trial court granted the motion, dismissing all allegations regarding the negligence of Dr. Friedman as attributable to the hospital. The trial court ultimately ruled that the plaintiff could travel on the Third Amended Complaint and that the Third Amended Complaint would be redacted of any reference to Dr. Friedman.
The case proceeded to trial, where the plaintiff was precluded from introducing evidence that Dr. Friedman’s response to the code deviated from the standard of care. At the conclusion of the trial, the jury returned a verdict in favor of the hospital. The plaintiff filed a motion for new trial, in which the plaintiff challenged the propriety of certain comments made by defense counsel during closing argument. There was no contemporaneous objection, however, to defense counsel’s comments.[3] The trial court denied the motion for new trial and entered final judgment in the hospital’s favor. This appeal follows.
On appeal, the plaintiff argues that the trial court erred in denying her efforts to amend the complaint in order to assert a non-delegable duty claim against the hospital based on Dr. Friedman’s alleged negligence. The hospital responds that the trial court did allow the plaintiff to file a Third Amended Complaint identifying Dr. Friedman as one of the allegedly negligent doctors, but the agency theory was disposed of on summary judgment and the non-delegable duty claim was properly dismissed for failure to state a cause of action.
The issue presented in this case boils down to whether the plaintiffs proposed amendments to her complaint regarding the non-delegable duty stated a cause of action against the hospital. The issue of whether a complaint states a cause of action is an issue of law, reviewed de novo. See Ball v. D’Lites Enters., Inc., 65 So.3d 637, 638 (Fla. 4th DCA 2011).
The general rule is that a hospital is not liable for the negligent acts of a physician who is not its employee, but an independent contractor. See Shands Teaching Hosp. & Clinic, Inc. v. Juliana, 863 So.2d 343, 349 (Fla. 1st DCA 2003); see also Pub. Health Trust of Dade Cty. v. Valcin, 507 So.2d 596, 601 (Fla.1987). As a matter of Florida tort law, however, several exceptions exist to this rule of non-liability.
First, a hospital may be liable for the actions of a physician where the physician is either an actual or apparent agent of the hospital. See Roessler v. Novak, 858 So.2d 1158, 1161-62 (Fla. 2d DCA 2003).
*505 Second, a hospital can be liable in tort for failing to exercise due care in the selection and retention of an independent contractor physician on the hospital staff. See Insinga v. LaBella, 543 So.2d 209, 214 (Fla.1989).
Third, the rule of a hospital’s non-liability for acts of an independent contractor fails where the duty is non-delegable. See Pope v. Winter Park Healthcare Group, Ltd., 939 So.2d 185, 187 (Fla. 5th DCA 2006). A non-delegable duty may arise out of a statute, a regulation, or a contract. Id. at 187-88. For example, we held that a hospital had a non-delegable duty to provide competent anesthesia services where there was both a contractual and a statutory basis for imposing such a duty. See Wax v. Tenet Health Sys. Hosps., Inc., 955 So.2d 1, 11 (Fla. 4th DCA 2006); but see Tarpon Springs Hosp. Found., Inc. v. Reth, 40 So.3d 823, 829 (Fla. 2d DCA 2010) (certifying conflict with Wax to the extent that it determined a hospital has a non-delegable duty to provide non-negligent anesthesia services based on Chapter 395 and an administrative rule).
In Irving v. Doctors Hospital of Lake Worth, Inc., 415 So.2d 55 (Fla. 4th DCA 1982), we held that where a trial court instructed the jury that a hospital could not be liable in tort for acts of an independent contractor, the trial court erred in failing to instruct the jury on the exception to this “no liability” rule for the non-dele-gable duty owed by a hospital to an emergency room patient. This non-delegable duty is grounded upon an implied “contractual relation existing between a hospital and an emergency room patient.” Id. at 60.
Irving establishes that a hospital which provides emergency room services has a non-delegable duty to provide competent emergency treatment based upon an implied contract. It is therefore clear that the plaintiff could have pleaded a claim against the hospital for the emergency room doctor’s negligence on a non-dele-gable duty theory. The imposition of a non-delegable duty to provide competent emergency room services makes sense, because a patient in an emergency room generally has little, if any, control over who will be the treating physician. Cf. Kristensen-Kepler v. Cooney, 39 So.3d 518, 520 (Fla. 4th DCA 2010) (explaining that the imposition of a non-delegable duty to provide competent anesthesia services makes sense where the patient “has little, if any, control over who administers the anesthesia,” but rejecting the proposition “that a hospital likewise has a non-delega-ble duty to supervise the physician a patient has chosen to perform an elective procedure”).
In this case, however, the question becomes whether the plaintiffs proposed amendments to the complaint should have been permitted. Contrary to the trial court’s ruling, the plaintiff was not limited to pleading a “duty to diligently determine that competent physicians are afforded house privileges or staff privileges.” We think the plaintiffs allegation that the hospital had a non-delegable “duty to supervise” Dr. Friedman can be fairly interpreted as falling under the category of a non-delegable duty to provide competent emergency services, at least under a theory of implied contract, see Irving, 415 So.2d at 60.[4]
Therefore, on remand, and for guidance in future cases, we instruct that the plaintiff should amend the complaint to clearly *506 allege that the hospital had a non-delega-ble duty to provide competent emergency care to the plaintiffs husband, and must plead the specific source of the hospital’s non-delegable duty that the plaintiff seeks to rely upon-an implied contract, an express contract, a statute, an administrative regulation, or some combination thereof.

Reversed and Remanded for further proceedings.

GERBER and LEVINE, JJ., concur.

. The plaintiff also alleged that the hospital was responsible for the negligence of several other physicians, but those allegations are not relevant to this appeal.

. The plaintiff has not challenged this ruling on appeal.

. Because we are reversing on the first point on appeal, we need not reach the issue of whether defense counsel's closing argument amounted to fundamental error under Murphy v. International Robotic Systems, Inc., 766 So.2d 1010 (Fla.2000).

. In fact, in Kristensen-Kepler, we referred to the non-delegable duty to provide competent care as a "non-delegable duty to supervise the physician-”39 So.3d at 520.