GERBER, J.
The plaintiff appeals from a final order dismissing with prejudice its fifth amended complaint for breach of an indemnification contract. The plaintiff argues that its fifth amended complaint alleged sufficient ultimate facts to state a cause of action. We agree with the plaintiff. We reverse and remand for reinstatement of the fifth amended complaint.
We state the material facts as pled in the four corners of the fifth amended complaint and its attachment. See Edwards v. Landsman, 51 So.3d 1208, 1218 (Fla. 4th DCA 2011) (“In reviewing an order granting a motion to dismiss ... [a] court may not go beyond the four corners of the complaint and must accept the facts alleged therein and exhibits attached as true.”) (internal quotations and citations omitted).
3. Plaintiff, REPUBLIC SERVICES OF FLORIDA, LIMITED PARTNERSHIP, d/b/a ALL SERVICE REFUSE, is a subsidiary of Republic Services, Inc.
[[Image here]]
6. ... [The plaintiff] entered into a Staffing Services Agreement (“Staffing Agreement”) with [the defendant]. A copy of the aforementioned Staffing Agreement is attached hereto as Exhibit “A”.
7. The Staffing Agreement makes mention of an Employee List attached thereto ... [;] however ... the document attached to the Staffing Agreement as “Schedule B” ... was never used in the normal course of business between [the plaintiff] and [the defendant]. To the contrary, it was the customary practice of the parties to use an on-site vendor from [the defendant] to supply employees to [the plaintiff] subject to the terms of the Staffing Agreement. ...
8. ... [A] temporary employee provided by [the defendant], working as a helper on a truck operated by ... a full-time employee of [the plaintiff], illegally took control of [the plaintiffs] vehicle which thereafter caused significant injuries to [the plaintiffs] employee.
9. A claim was made against [the plaintiff] for the injuries incurred by [the plaintiffs] employee.
10. Pursuant to the terms of the Staffing Agreement, [the defendant] agreed to defend, indemnify and hold harmless [the plaintiff] for any claims made against [the plaintiff] which were caused by [the defendant’s] employees. See Exhibit “A”.
11. In accordance with the Staffing Agreement, [the plaintiff] tendered the claim made by its injured employee as well as the defense and a request for indemnity to [the defendant]. In response, [the defendant] refused to ... indemnify and hold [the plaintiff] harmless which caused and continues to cause [the plaintiff] significant damages.
12. At all times material, [the defendant] had full notice and an opportunity to defend [the plaintiff] and to participate in the claims brought and continued to be brought by [the plaintiffs] employee.
[[Image here]]
15. All of the conditions precedent to bringing this action have been performed or have otherwise been waived by the parties.
[[Image here]]
23. As a proximate result of [the defendant’s] breach of the Staffing Agreement, [the plaintiff! incurred and continues to incur significant damages.
The Staffing Agreement attached as Exhibit “A” to the fifth amended complaint provides, in pertinent part, as follows:
*652 THIS AGREEMENT is made between [the defendant] and REPUBLIC SERVICES, INC .... or the subsidiary of Republic Services, Inc. identified on the signature page attached hereto (hereinafter referred to, collectively, as “Republic”).
[[Image here]]
2. [The defendant] agrees to employ those persons whose job descriptions are listed on Schedule [B] (“Employees”) and who are designated by [the defendant] and [the plaintiff] as being subject to the terms of this Agreement for [the defendant] and Republic.
[[Image here]]
9. Republic hereby agrees to pay [the defendant] a fee ... for services performed.... Said fee and the payment terms thereof are specified in the Fee Schedule A attached hereto, which is hereby made a part of this Agreement.
10. [The defendant] agrees to defend and indemnify [the plaintiff] and hold Republic harmless from any claims of whatever kind or nature made by the [defendant’s] Employees, third parties or anyone whomsoever resulting from any act, failure to act, conduct, or default of [the defendant’s] Employees, including, specifically and without limiting the generality of the foregoing, any and all claims, wages, benefits, penalties, attorneys fees, or other charges or expenses that may result or arise from [the defendant’s] default of any duties, obligations or responsibilities of [the defendant] under this Agreement.... [The defendant] agrees that if any claims are made against Republic by a person or such person’s beneficiaries or anyone otherwise entitled to recover damages or benefits from injuries ... arising out of and in the course of employment for any employee of [the defendant], that [the defendant] will indemnify, defend and hold Republic harmless from such claim or claims.
[[Image here]]
17. This Agreement shall be binding upon and inure to the benefit of Republic and [the defendant] and their respective successors, heirs, devisees, transferees, and assigns.
[[Image here]]
REPUBLIC SERVICES, INC.
For All Service Refuse — Broward Only
By: [s/General Manager]
[Defendant]
By: [s/ VP of Operations]
(italics added). Attached to the Staffing Agreement was a “Schedule A” entitled “FEE SCHEDULE [-] PAYMENT RATES AND PAYMENT TERMS.” The table underneath the title was blank. Also attached to the Staffing Agreement was a “Schedule B” entitled “NAMES OF CLIENT EMPLOYEES.” The table underneath that title also was blank.
The defendant filed a motion to dismiss the plaintiffs fifth amended complaint for failure to state a cause of action for breach of contract. The defendant, incorporating its prior motions to dismiss, raised two primary arguments: (1) the Staffing Agreement attached as Exhibit “A” to the fifth amended complaint is not a contract with the plaintiff “Republic Services of Florida Limited Partnership, d/b/a All Service Refuse,” but instead was a contract with “Republic Services, Inc.”; and (2) to the extent a contract existed with the plaintiff, the contract would apply only to the named employees listed on Schedule “B” to the contract, and no employees were named on Schedule “B” to the contract.
The court entered a final order granting the defendant’s motion to dismiss plain *653 tiffs fifth amended complaint with prejudice.
This appeal ensued. The plaintiff argues that its fifth amended complaint overcame the primary arguments raised in the defendant’s motion to dismiss by alleging as follows:
3. Plaintiff, REPUBLIC SERVICES OF FLORIDA, LIMITED PARTNERSHIP, d/b/a ALL SERVICE REFUSE, is a subsidiary of Republic Services, Inc.
[[Image here]]
7. The Staffing Agreement makes mention of an Employee List attached thereto ... [;] however ... the document attached to the Staffing Agreement as “Schedule B” ... was never used in the normal course of business between [the plaintiff] and [the defendant]. To the contrary, it was the customary practice of the parties to use an on-site vendor from [the defendant] to supply employees to [the plaintiff] subject to the terms of the Staffing Agreement. ...
Our review is de novo. See Newbold-Ferguson v. AMISUB (N. Ridge Hosp.), Inc., 85 So.3d 502, 504 (Fla. 4th DCA 2012) (“The issue of whether a complaint states a cause of action is an issue of law, reviewed de novo.”) (citation omitted). We must assume all allegations of the complaint are true and must draw all reasonable inferences arising therefrom in the plaintiff’s favor. See Wallace v. Dean, 3 So.3d 1035, 1042-43 (Fla.2009) (“For ... purposes of a motion to dismiss for failure to state a cause of action, allegations of the complaint are assumed to be true and all reasonable inferences arising therefrom are allowed in favor of the plaintiff.”) (emphasis, citations, and quotations omitted).
We agree with the plaintiffs argument. First, while the attached contract shows an agreement between the defendant and a company called “Republic Services, Inc.,” it also extends coverage to Republic Services, Inc.’s subsidiary, referred to on the contract’s signature page as the plaintiff. Additionally, the fifth amended complaint alleged that the plaintiff was Republic Services, Inc.’s subsidiary, and that the plaintiff contracted with the defendant for temporary employment services. Thus, accepting the alleged facts as true, the plaintiff adequately pled that the defendant contracted with the plaintiff for temporary employment services.
Second, although Schedule “B” to the contract did not list the defendant’s employee who caused the injury (or any of the defendant’s employees), the contract requires the defendant to indemnify the plaintiff for claims which are caused by the defendant’s employees in general. Accepting the alleged facts as true, the defendant’s employee who caused the injury was subject to the contract’s terms. Thus, the plaintiff adequately pled that the defendant breached the contract by refusing to indemnify the plaintiff for the claim caused by the defendant’s employee.
Based on the foregoing, we reverse the circuit court’s final order dismissing with prejudice the plaintiffs fifth amended complaint. We remand for reinstatement of the fifth amended complaint and further proceedings consistent therewith.

Reversed and remanded.

WARNER and CIKLIN, JJ„ concur.